IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

OUATI K. ALI,

                                            OPINION AND ORDER

                Petitioner,

                                     12-cv-841-bbc

       v.

MICHAEL BAENEN,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Petitioner Ouati Ali, a prisoner at the Green Bay Correctional Institution, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He is challenging a 2007 conviction in the Circuit Court for Dane County, Wisconsin for second-degree sexual assault of a child and a subsequent requirement to register as a sex offender because of that conviction.  The petition is now fully briefed and ready for decision.

        I understand petitioner to be raising the following claims:  (1) the delay between the alleged crime and the filing of the criminal complaint violated his right to due process; (2) insufficient evidence existed to convict him beyond a reasonable doubt; (3) the requirement to register as a sex offender violates the ex post facto clause; (4) trial counsel was constitutionally ineffective for various reasons; and (5) post conviction and appellate counsel were constitutionally ineffective for various reasons.  Because I conclude that petitioner has failed to show that the state is holding him in custody in violation of federal law with respect

1

to any of these claims, I am denying his petition for a writ of habeas corpus in full.

OPINION

A.  Delay in Prosecuting

Petitioner's first claim is that the state violated his right to due process by waiting 14 years to charge him.  (The Wisconsin Court of Appeals stated that the delay was "approximately thirteen years."  Dkt. #9-4.  However, the  judgment of conviction states that the crime occurred in December 1991, dkt. #9-1, and the electronic docket sheet for the case shows that it was filed in April 2006. State v. Ali, No. 2006CF919.)  Plaintiff does not argue that the state violated the relevant statute of limitations, but even when the government complies with state law, the due process clause provides a limited role in protecting the accused from stale claims.

In this circuit, to succeed on a claim under the due process clause, the defendant must show that "the delay caused actual and substantial prejudice to his right to a fair trial." United States v. Hagler, 700 F.3d 1091, 1099 (7th Cir. 2012), using "facts that are specific, concrete and supported by evidence." United States v. Henderson, 337 F.3d 914, 920 (7th Cir. 2003).  If the defendant makes that showing, the burden shifts to the government to show that the delay was not caused by an improper purpose, such as gaining a tactical advantage over the defendant.  Hagler, 700 F.3d at 1099.  Finally, the court must balance the government's reasons and the defendant's prejudice to determine whether the defendant was denied due process.  Id.

In this case, the Wisconsin Court of Appeals stated that petitioner had "probably waived" this claim because he had not raised it in the circuit court. Dkt. #9-4 at 2. However, the court went on to say that petitioner's claim also failed because he did "not clearly explain how the State delayed the case with an improper purpose," citing State v. Dabney, 2003 WI App 108, ¶ 30, 264 Wis. 2d 843, 663 N.W.2d 366. When petitioner tried to raise this claim in a motion under Wis. Stat. § 974.06, the court of appeals stated that petitioner had already litigated the claim on direct appeal, so he could not raise it again, and that, even if he could, he had failed again to show that the state acted with an improper purpose. Dkt. #9-10 at 2. The court then rejected his argument that trial counsel was ineffective for failing to raise the due process claim, reasoning that the court had rejected the due process claim on the merits so counsel could not be considered deficient for failing to raise it. Dkt. #9-10 at 3.

Neither petitioner nor respondent acknowledges the difference in the standard as applied by the Court of Appeals for the Seventh Circuit and the Wisconsin Court of Appeals. The federal court shifts the burden to the government to show a proper purpose if the defendant shows prejudice while Wisconsin courts put the burden on the defendant to prove both elements. This is important because the Wisconsin Court of Appeals rejected petitioner's due process claim in part because he failed to identify an improper purpose for the delay. However, if the government has the burden on that element, petitioner could not be penalized for failing to prove it.

As it turns out, the Supreme Court has not spoken on the burden shifting question.

In <u>United States v. Marion</u>, 404 U.S. 307 (1971), the Court stated that "pre-indictment delay" may violate the due process clause if the delay "caused substantial prejudice to appellees' rights to a fair trial and [if] the delay was an intentional device to gain tactical advantage over the accused."  In <u>United States v. Lovasco</u>, 431 U.S. 783 (1977), the Court reaffirmed that "the due process inquiry must consider the reasons for the delay as well as the prejudice to the accused," <u>id.</u> at 790, and concluded that a delay caused by the desire for additional investigation did not justify dismissal of the charges.  In neither <u>Marion</u> nor <u>Lovasco</u> did the Court identify which party had the burden to prove the government's purpose for the delay.

This circuit's view can be traced to <u>United States v. Sowa</u>, 34 F.3d 447, 450 (7th Cir. 1994), in which the court held that, "once the defendant has proven actual and substantial prejudice, the government must come forward and provide its reasons for the delay." Although the court cited <u>Marion</u> and <u>Lovasco</u>, it did not quote any particular passages of those cases to support its conclusion on burden shifting.  Rather, the court relied on "logic," asking, "How else is the defendant to know why the government waited so long to indict him?" <u>Id.</u> at 451. The court of appeals has reaffirmed its conclusion in several cases, <u>e.g.</u>, <u>United States v. Henderson</u>, 337 F.3d 914, 920-21 (7th Cir. 2003); <u>United States v. Spears</u>, 159 F.3d 1081, 1084 (7th Cir. 1998), but I am not aware of any decision from the Supreme Court resolving the issue.

The absence of any dispositive language from the Supreme Court is important because of the standard of review imposed by 28 U.S.C. § 2254(d)(1), which allows a federal

district court to overturn a state court's adjudication of a claim only if the state court's decision is "contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1).  Thus, circuit precedent alone "cannot form the basis for habeas relief." Parker v. Matthews, 132 S. Ct. 2148 (2012) ("It was plain and repetitive error for the Sixth Circuit to rely on its own precedents in granting . . . habeas relief.").

Although the Supreme Court might well agree with the Court of Appeals for the Seventh Circuit if provided the opportunity, I cannot say that current Supreme Court precedent clearly establishes that view.  In fact, in at least one case, the Court has described the relevant standard in a way that seems to support the state court's interpretation. United States v. Eight Thousand Eight Hundred & Fifty Dollars ($8,850) in U.S. Currency, 461 U.S. 555, 563 (1983) (due process claim for delay in charging "can prevail only upon a showing that the Government delayed seeking an indictment in a deliberate attempt to gain an unfair tactical advantage over the defendant or in reckless disregard of its probable prejudicial impact upon the defendant's ability to defend against the charges").

If petitioner bears the burden of proving an improper motive, he cannot prevail on this claim.  The court of appeals found twice that petitioner had failed to show an improper motive and petitioner does not argue that the court of appeals disregarded evidence that he provided.  Even now, petitioner alleges that the state delayed prosecution "to convince a witness to lie and to allow for the degradation of evidence," Pet.'s Br., dkt. #13, at 9, but he cites no support for that view.

5

Even if I assumed that petitioner did not have to prove an improper motive, this claim would fail because he has not shown that the delay caused him substantial prejudice. Petitioner says that the delay prejudiced him for various reasons, but none of these are developed or persuasive. First, he says that the delay allowed the victim to change her testimony. (Although neither side cites any evidence, the parties seem to agree that the victim initially stated that petitioner did not assault her.) However, that is not the sort of "prejudice" that gives rise to a claim under the due process clause because it was not delay or the passage of time that "caused" the victim to change her testimony. Rather, the cause was her own decision, which she could have made at any time during the proceedings if petitioner had been tried earlier.

Second, petitioner says that he was prejudiced because the state relied on testimony about letters he allegedly sent to the victim, but the state could not produce the letters because they had been destroyed. Petitioner says that, if the state had brought its case sooner, he "could have used the actual content of the letters or the fact that they did not exist" to help his defense. Pet.'s Br., dkt. #13, at 9. An initial problem with this argument is that the witness who testified about the letters said she destroyed them four to six months after she discovered them, dkt. #9-13 at 61-62, and petitioner does not suggest that the state could have charged him before that time. In any event, petitioner's inability to say whether the letters even existed dooms his claim. To the extent petitioner means to suggest that the witness misrepresented the letters, the claim fails because petitioner does not explain how the "actual content" of the letters would have supported him. To the extent petitioner

6

means to argue that the letters never existed, then even the speediest of prosecutions could not have prevented the witness from saying whatever she wanted to about the letters.

Finally, petitioner complains generally that "key witnesses" had died or relocated during the delay and "medical records" went missing.  Pet.'s Br., dkt. #13, at 9.  However, these conclusory allegations do not qualify as specific facts that are supported by the evidence, as they must be to show a due process violation.  Accordingly, I am denying the petition as to this claim.

Because this claim fails on the merits, petitioner cannot show that his trial or appellate counsel was deficient for failing to develop the claim properly or that petitioner was prejudiced by any failure by counsel.  Johnson v. Thurmer, 624 F.3d 786, 791 (7th Cir. 2010) ("To establish ineffective assistance of . . . counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced his defense.").  Accordingly, I am denying petitioner's ineffective assistance claims related to this issue as well.


B.  Sufficiency of the Evidence

Respondent argues that petitioner procedurally defaulted this claim because he failed to include it in his petition for review with the Wisconsin Supreme Court on direct appeal. Baldwin v. Reese, 541 U.S. 27, 29 (2004) ("[T]he prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review)." ).  Petitioner does not contradict respondent's view, but even if I assume that

petitioner complied with the exhaustion requirement, he cannot prevail on this claim.

In concluding that the evidence was legally sufficient to support a conviction, the Wisconsin Court of Appeals cited the correct standard of review, which is whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).  The court then concluded that the victim's testimony was sufficient under this standard.

Petitioner does not deny that a victim's testimony is sufficient to support a conviction for sexual assault.  E.g., U.S. ex rel. Medrano v. Pierce, 09C5327, 2010 WL 1856176 (N.D. Ill. May 10, 2010); Moore v. McCann, 07-CV-2062, 2008 WL 2519923 (C.D. Ill. June 20, 2008); Kamau v. Warden, Indiana State Prison, 1:07-CV-1242-SEB-TAB, 2008 WL 2266337 (S.D. Ind. June 3, 2008).  Instead, he argues that the victim's testimony should be disbelieved in this case because she originally denied that petitioner had assaulted her and did not change her story until many years later.  However, a court may not "second-guess the jury's credibility determinations." United States v. Green, 648 F.3d 569, 578 (7th Cir. 2011).  See also United States v. Anderson, 580 F.3d 639, 646 (7th Cir. 2009) ("We repeatedly have refused to question the credibility of witnesses when reviewing sufficiency-of-the-evidence challenges.") (internal quotations omitted).  Rather, a court may discredit testimony as incredible "only under exceptional circumstances, such as where it was physically impossible for the witness to observe that which he claims occurred, or impossible under the laws of nature for the occurrence to have taken place at all." United States v.

Radziszewski, 474 F.3d 480, 485 (7th Cir. 2007) (internal quotations omitted).  Although

a witness's prior inconsistent statements may provide grounds for cross examination, they

are not sufficient to overturn the verdict.  E.g., United States v. D'Antonio, 801 F.2d 979,

981-82 (7th Cir. 1986).  Because petitioner has not identified any exceptional circumstances

for finding the victim's testimony incredible as a matter of law, I am denying the petition

as to this claim.


## C.  Sex Offender Registration

Petitioner contends that the state violated his rights under the ex post facto clause

because Wis. Stat. § 301.45, the law that requires him to register as a sex offender, was

enacted after his crime was committed.  However, as respondent points out, the Court of

Appeals for the Seventh Circuit has held that a prisoner may not challenge the requirements

imposed by § 301.45 in the context of a petition under § 2254 because that statute is limited

to challenges to a prisoner's "custody."  Virsnieks v. Smith, 521 F.3d 707, 720 (7th Cir.

2008).  See also Doe v. Raemisch, 895 F. Supp. 2d 897, 905 (E.D. Wis. 2012) (considering

challenge to requirements of § 301.45 in context of civil action).  Petitioner cites various

Wisconsin state cases for the proposition that his claim may be brought in a habeas petition,

but the scope of habeas relief under *state* law has no bearing on the scope of § 2254.

Because I cannot consider petitioner's challenge to the registration requirements, it

follows that I cannot consider a claim that counsel was ineffective for failing to challenge the

validity of those requirements.  Again, even if petitioner is correct that the requirements are

unconstitutional as applied to him and counsel should have known that, success on this claim could not help him get out of custody, so he cannot bring the claim under § 2254.

### D. Ineffective Assistance of Counsel

In addition to his claims about the delay in prosecution and sex offender registration, petitioner contends that his trial and post conviction counsel were constitutionally ineffective for various other reasons. In particular, petitioner says that trial counsel (1) failed to seek dismissal of the case "due to prosecution misconduct"; (2) "overlooked" that petitioner had "been in custody" before receiving an arraignment; (3) failed to cross examine the victim about a document "that she was not the author of"; (4) failed to subpoena various witnesses; and (5) failed to seek dismissal of the case on the ground that the judge had a relationship with the relative of a witness. With respect to post conviction counsel, petitioner says that he failed to obtain a "complete record" for the appeal. Dkt. #14.

The problem with all of these arguments is that petitioner has not developed them. For example, petitioner does not cite any evidence to show that there was prosecutorial misconduct; he does not explain why he believes that any time he spent in custody before his arraignment would require dismissal of his case; he does not identify what testimony the victim gave about the document at issue or how that testimony harmed him; he does not explain how any of the witnesses he lists would have helped his defense; he cites no evidence that the judge had a relationship with a witness's relative and he does not explain why any relationship the judge did have would have required his recusal; and he does not identify any

10

prejudice he suffered as a result of any failure by counsel to provide a complete record to the court of appeals.

Without any of that information, petitioner cannot show either that his counsel's performance was deficient or that he was prejudiced by any failure by counsel, as he must in order to prevail on a claim for ineffective assistance of counsel.  <u>Johnson</u>, 624 F.3d at 791.

## E.  <u>Certificate of Appealability</u>

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. For the reasons stated, reasonable jurists would not debate whether petitioner is entitled to relief under 28 U.S.C. § 2254. Therefore, no certificate of appealability will issue.  Petitioner is free to seek a certificate of appealability from the court of appeals but

that court will not consider his request unless he first files a notice of appeal in this court.


ORDER

IT IS ORDERED that

1. Petitioner Ouati Ali's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

2. Petitioner is DENIED a certificate of appealability.  Petitioner may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 28th day of August, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge